### JOHN F. HARNED v. THE CITY OF CAMDEN.

Argued February 20, 1901—Decided June 10, 1901.

1. Unless otherwise provided, the power to sell land for taxes must be exercised within the period during which such taxes remain a lien upon the land to be sold.
2. The thirteenth section of the "Martin act" does not extend the duration of tax liens in those cities which have accepted its benefits; it merely provides an additional method of enforcing such liens.

On *certiorari.*

Before Justices GUMMERE and FORT.

For the prosecutor, *John F. Harned, in pro pers.*

For the defendant, *Henry M. Snyder, Jr.*

The opinion of the court was delivered by

GUMMERE, J. The prosecutor, by these proceedings, seeks to have declared invalid a sale of his lands, in the city of Cam-

den, advertised to be made by the city on the 18th day of October, 1900, in pursuance of a resolution of the city council, for the purpose of satisfying an unpaid tax assessed against them in the year 1891.

By the sixty-fourth section of the city charter taxes are made a lien upon the real estate against which they are assessed for a period of five years from the time of their assessment, and it is provided that if such taxes are not paid and satisfied within the time limited and appointed for the payment thereof, it shall be lawful for the city council to cause such lands to be sold at public auction for the shortest time, not to exceed one hundred years for unimproved property, and fifty years for improved property, for which any person will agree to take the same and pay such tax, and that the purchaser thereof shall lawfully hold the said lands, for his own use, against the owner thereof, and all persons claiming under him, until his term shall be completed and ended. *Pamph. L.* 1871, *p.* 242. By section 70 of the charter the city council is required, on or before the 1st day of March in each year, to direct and authorize the city solicitor to proceed and sell, according to law, all lands, tenements and real estate to enforce the payment of any taxes which may be a lien thereon.

In the case of *Johnson* v. *Van Horn,* 16 *Vroom* 136, this court, in discussing the effect of provisions in the General Tax law of 1879 (*Pamph. L., p.* 340) similar to those of the Camden charter which have been recited, declared that the power of sale was conferred for the purpose of prolonging the lien of the tax, and must be exercised during the period in which the lien exists, and not after it has expired. Unless, therefore, some other statutory provision can be found by which the lien of the tax which was assessed upon the property of the prosecutor in the year 1891 was extended beyond the expiration of five years from the date of its assessment, and continued in force up to the time of the proposed sale by the city, it is plain that the proceeding which is challenged by this writ is without legal force.

It is contended, on behalf of the defendant, that such a

provision is to be found in section 13 of the act of March 20th, 1886, commonly known as the "Martin act" (*Gen. Stat., p.* 3374), and that the city of Camden is entitled to the benefit of that provision, because, prior to the assessment against the prosecutor, it had accepted the benefits of that act and was working under it.

The section appealed to, as amended in 1892 (*Gen. Stat., p.* 3386), provides that taxes levied after the passage of the act, where the rate does not exceed three per centum (which was the case in Camden in the year 1891), which shall remain unpaid for the space of two years from and after the time when the same are due and payable, *may* be collected, and the land and real estate subjected thereto sold in the manner provided in sections 4 and 5 of that act, *i. e.,* in fee.

It will be observed that nothing is said, expressly, in this section as to the duration of the lien of the tax; but the argument is that as, except in those cities whose charters provide otherwise, taxes become a lien on real estate by virtue of the General Tax law, and that such lien continues only for two years from the 20th day of December next after they are assessed (*Gen. Stat., p.* 3359, § 368), the necessary effect of section 13 of the "Martin act" is, by implication, to extend indefinitely the period of existence of tax liens in those cities in which the act is in force, or, rather, to revive the lien of the tax in such cities when proceedings for the collection thereof are taken under the provisions of that section; as otherwise a sale in the manner provided by that section could not be made by cities, the lien of whose taxes is regulated by the General Tax law, until after such liens had expired.

The provision of the "Martin act" appealed to is not mandatory. It is left to the discretion of those cities which have accepted the act to pursue the mode of collection and sale provided by section 13, or to follow the method provided by their respective charters. *Bowyer* v. *Camden, 21 Vroom 87.* Consequently, if the contention of the defendant be sound, the existence or non-existence of the tax lien is made to depend upon the method adopted by these municipalities for the collection of such taxes, rather than upon the legislative *fiat.*

I cannot find, from the language of this section, any intention on the part of the legislature to bestow upon the cities of this state so broad a power. Prior to the adoption of the "Martin act" the ordinary method of enforcing the lien of a tax was by a sale for a period of years; and, as has already been stated, that sale, in order to be valid, was required to be made before the lien of the tax had expired. By the thirteenth section of the "Martin act" the legislature merely provided an additional, and, perhaps, more efficient, method of enforcing the lien in those of the cities of the state in which tax liens are continued in existence for a period of time sufficiently long to render such method applicable; they did not extend its duration.

The prosecutor is entitled to have the proceedings under review set aside.